65 F.3d 962
 314 U.S.App.D.C. 218
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Ronald HODGE, Appellant.
 No. 94-3133.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 21, 1995.
 
 Before: SILBERMAN, GINSBURG, and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the conviction from which this appeal is taken be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Viewing this case in terms of the factors this court considers relevant to determining whether a seizure occurred, it appears that appellant's encounter with the officers did not constitute a "seizure" within the meaning of the Fourth Amendment. See United States v. Lewis, 921 F.2d 1294, 1297 (D.C.Cir.1990). The time and place of the encounter is not particularly significant here since it was dictated by the time Hodge's bus arrived at the terminal. See United States v. Winston, 892 F.2d 112, 117 (D.C.Cir.1989), cert. denied, 497 U.S. 1027 (1990). Detective Hairston, the questioning officer, spoke in conversational tones; he briefly questioned appellant without physically threatening, or even touching, him; he wore plainclothes; he did not display his weapon; he did not retain Hodge's bus ticket; and the interview was conducted on a public street. See United States v. Lewis, 921 F.2d 1294, 1297 (D.C.Cir.1990).
 
 
 5
 The evidence also supports the district court's determination that Hodge's consent was voluntarily obtained. There is no indication that Hodge's age, education level, or intelligence made him unusually vulnerable or incapable of understanding the officer's questions. See United States v. Caballero, 936 F.2d 1292, 1296-97 (D.C.Cir.1991), cert. denied, 502 U.S. 1061 (1992). Moreover, the entire length of the exchange between Hairston and Hodge lasted less than ten minutes, and no physical punishment was used. Id. at 1296. Detective Hairston did not advise Hodge that he need not answer any questions and was free to leave; however, this court considers that such an "omission is not significant." See United States v. Jones, 973 F.2d 928, 930 (D.C.Cir.1992).
 
 
 6
 Although this court previously remanded the case to the district court for a new evidentiary hearing to allow appellant to try "to convince the court that the atmosphere was so intimidating that it vitiated Hodge's consent ...," United States v. Hodge, 19 F.3d 51, 53 (D.C.Cir.1994), it appears appellant was unable to do so through the testimony of the police officers. The district court did not impermissibly shift the burden of proof to appellant, as he contends. See Brief for appellant at 12-13. Rather, the district court merely determined that appellant had not convinced it "that the atmosphere was so intimidating that it vitiated [his] consent...." Hodge, 19 F.3d at 53. This determination does not appear to be clearly erroneous. In light of controlling precedent and the district court's credibility determinations, the record supports the conclusion that appellant's consent was voluntary.